Michael Stump, Esq. SBN 42580
Alexander Maniscalco, Esq. SBN 259657
THE LOFTIN FIRM, LLP
5760 Fleet Street, Suite 110
Carlsbad, California 92008
Tel: (760) 431-2111
Fax: (760) 431-2003
Email: amaniscalco@loftinfirm.com
Attorneys for Plaintiff 8679 Trout, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 8679 TROUT, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH TAHOE PUBLIC UTILITIES DISTRICT, a Municipal Corporation, NORTH TAHOE PUBLIC UTILITIES DISTRICT BOARD OF DIRECTORS, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: 2:10-CV-01569-MCE-EFB<br><br>[Removal Filed: June 21, 2010]<br><br>**PLAINTIFF'S MOTION FOR PARTIAL REMAND, AND STAY [28 USC 1447(c)]**<br><br>Date:<br>Time:<br>Judge: Hon. Morrison C. England, Jr.<br>Room: |

Plaintiff, 8679 Trout, LLC ("Trout"), by and through its undersigned attorneys, respectfully moves this Court to issue an order remanding the state law claims in this civil proceeding back to the Superior Court of California, County of Placer, and issuing an immediate stay to the federal claims pending an outcome in State court. As grounds for its motion, Trout submits that remand is warranted per statutes and precedent cited in the attached memorandum of points and authorities, including 28 U.S.C. 1367(c).

1  For all these reasons, Trout respectfully requests that the state causes of action in this
2  case should immediately be remanded to State court, with this Court retaining jurisdiction
3  over the federal causes of action, stayed until the outcome of the state causes of action.

Respectfully submitted,

8  DATED: July 21, 2010                        THE LOFTIN FIRM, LLP

By: /s/ Alexander Maniscalco
    Alexander Maniscalco, Esq.
    Attorneys for Plaintiffs
    Tel. (760) 431-2111
    Fax. (760) 431-2003
    Email: amaniscalco@loftinfirm.com

Michael Stump, Esq. SBN
Alexander Maniscalco, Esq. SBN 259657
THE LOFTIN FIRM, LLP
5760 Fleet Street, Suite 110
Carlsbad, California 92008
Tel: (760) 431-2111
Fax: (760) 431-2003
Email: amaniscalco@loftinfirm.com
Attorneys for Plaintiff 8679 Trout, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 8679 TROUT, LLC, a California Limited Liability Company,<br><br>     Plaintiff,<br><br>vs.<br><br>NORTH TAHOE PUBLIC UTILITIES DISTRICT, a Municipal Corporation, NORTH TAHOE PUBLIC UTILITIES DISTRICT BOARD OF DIRECTORS, and DOES 1 through 10, inclusive,<br><br>     Defendants. | CASE NO: 2:10-CV-01569-MCE-EFB<br><br>[Removal Filed: June 21, 2010]<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND [28 USC 1447(c)]**<br><br>Date:<br>Time:<br>Judge: Hon. Morrison C. England, Jr.<br>Room: |

///
///
///
///
///
///

i

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND [28 USC 1447(c)]**

I.  INTRODUCTION

This is a case for the regulatory taking of Plaintiff 8679 Trout's ("Trout") private property arising from unreasonable administrative activity and excessive regulation by the North Tahoe Public Utilities District ("Defendant"). Plaintiff timely filed an action in state court, for administrative mandamus reviewing Defendant's action, with subordinate state and federal claims for declaratory relief, inverse condemnation and damages. Defendant improperly removed this case in that the primary causes of action at present are properly within the jurisdiction of the Superior Court of the State of California under California Government Code §§ 66427.5, 66451.6, and 66428.1.  Although Plaintiff asserts federal claims under the United States Constitution and 42 U.S.C. § 1983, the state claims for administrative mandamus per Cal. Code of Civ. Proc. § 1094.5, and takings claims including inverse condemnation under Art. I § 19 must be heard first and decided by state court prior to decision on the federal claims for inverse condemnation.  Thus, this case was prematurely removed and Plaintiff respectfully requests remand to state court.  This Court should retain jurisdiction on the federal claims under the United States Constitution and 42 U.S.C. § 1983, but should stay adjudication of such claims until a decision by state courts has been made on the state actions. *See Clemes v. Del Norte County Unified School District* 843 F. Supp. 583 (N.D. Cal. 1994); *Ganz v. City of Belvedere,* 739 F. Supp. 507 (N.D.CA 1990). *See also Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 186 (1985) *cited in Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1012-13 (1992).

II.  NATURE OF THE CASE

Plaintiff is undertaking a state-regulated conversion of a duly-permitted, operating mobilehome park to resident ownership.  The legislature of the State of California has set forth a statutory regime for such conversion in California Government Code §§ 66427.4, 66427.5, and 66428.1, and has imposed a prohibition on unreasonable conditions, including a prohibition on fees as a condition of conversion per Government Code § 66451.6.  Plaintiff seeks relief from Defendant's improper administrative actions, de facto conditions and fees in

1

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND [28 USC 1447(c)]**

violation of the State's statutory regime, and seeks to compel timely and appropriate action through administrative mandamus arising from Defendant's regulatory taking of Plaintiff's private property.

## III. REMAND IS NECESSARY BECAUSE THIS CASE SHOULD NOT BE BEFORE A FEDERAL COURT AT THIS TIME

A district court's discretion not to hear state claims under 1367(c)(2) should be invoked where there is an important countervailing interest to be served by remanding the state claims to the state court, that outweighs the advantage of a single suit.  This is the case here, where permitting litigation of the state claims in this District Court can accurately be described as allowing a federal tail to wag what is in substance a state dog.  Here, the claims and rights of the Plaintiff in this action against Defendant originate in the California Government Code §§ 66427.5, 66451.6, and 66428.1, and mandamus against a state agency under Cal. Code of Civ. Proc. § 1094.5.  Plaintiff's claims and rights in the action do not *primarily* arise under the Constitution, treaties, or laws of the United States, as asserted by Defendant, although they are implicated by the case and controversy.  Accordingly, removal of the action should not be warranted because this is not a proper case for resolution by the federal courts under *Clemes,* 843 F. Supp. 583, and *Williamson County Regional Planning Commission*, 473 U.S. 172 and removal would result in needless intervention by the federal courts and needless conflict with the State of California's administration of its own pervasive regulatory scheme for mobilehome park conversions, thereby affecting issues of substantial local importance that would transcend federal court jurisdiction in the case.  This dispute concerns a violation of the State's statutory scheme first and foremost, and relies on the unique state remedy of Administrative Mandamus (Cal. Code of Civ. Proc. § 1094.5) and thus is best resolved by a state court prior to proceeding to the federal law claims. *See Clemes*, 843 F. Supp. at 596.

Remand of state law claims in a removed case may be accomplished pursuant to 28 U.S.C. § 1367(c).  Subsection (a) of § 1367 provides that "in any civil action of which the

1  district courts have original jurisdiction, the district courts shall have supplemental
2  jurisdiction over all claims that are so related to [the original jurisdictional claims] that they
3  form part of the same case or controversy." 28 U.S.C. § 1367(a).  Subsection (c) of § 1367
4  delineates four categories of such claims which the district courts may nevertheless decline to
5  adjudicate, the district courts may decline to exercise supplemental jurisdiction over a claim if
6  (1) the claim raises a novel or complex issue of state law, (2) the claim substantially
7  predominates over the claim or claims over which the district court has original jurisdiction,
8  (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in
9  exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28
10 U.S.C. § 1367(c).  The "discretion bestowed by § 1367(c) exists with respect to removed
11 claims as well as claims filed initially in the district court. *Borough of West Mifflin v.*
12 *Lancaster* 45 F.3d 780, 787 (3rd Cir. 1995).  Therefore, in a removed case involving federal
13 claims and state claims over which the district court has supplemental jurisdiction, a district
14 court may decline to exercise supplemental jurisdiction over the state claims and remand
15 those claims to state court. *Id.* at 787-788.  Subsection (c)(2), in particular, permits a district
16 court to decline to exercise supplemental jurisdiction over a state claim which "substantially
17 predominates over the [federal] claim… over which the district court has original
18 jurisdiction," 28 U.S.C. § 1367(c)(2). Thus, it  provides a "limited exception to the operation
19 of the doctrine of pendent jurisdiction – a doctrine that seeks to promote judicial economy,
20 convenience, and fairness to litigants by litigating in one case all claims that arise out of the
21 same nucleus of operative fact." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780,789.
22         Here, Plaintiff relies upon the "same series of events" for all counts in the Complaint.
23 Generally, where there is "common nucleus of operative facts," and there does not appear to
24 be a "persuasive, reasoned elaboration" for declining to exercise pendent jurisdiction, "the
25 dictates of judicial economy, convenience, fairness to the parties, and comity," are better
26 served by recognizing pendent jurisdiction." *Sparks v. Hershey,* 661 F.2d 30,33 (3rd Cir.
27 1981).  However,  this case is quite different from *Hershey*  in that there are two  "persuasive,
28 reasoned elaboration[s]" for declining to exercise pendent jurisdiction, and there is an

**PLAINTIFF'S MOTION TO REMAND [28 USC 1447(c)]**

important countervailing interest to be served by remanding Plaintiff's state law claims to the state court." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780,789. In particular, the Mandamus cause of action against a state agency implicates the interest and domain of the state courts, and also state claims to compel administrative action must be handled in state court prior to reaching the merits of the federal claims for damages.

### A. <u>Mandamus</u>

First, Plaintiff's action involves a Petition for Writ of Mandamus, Cal. Code of Civ. Proc. § 1094.5, against the North Tahoe Public Utility District, a state agency, created by the California Public Utility District Act, Cal. Pub. Util. Code § 15501 et seq.

> Mandamus proceedings to compel a state administrative agency to act are actions that are uniquely in the interest and domain of state courts. It would be entirely inappropriate for a federal court, through exercise of its supplemental jurisdiction, to impose itself upon such proceedings. Considerations of federalism and comity, not generally present with typical "pendent" state claims, loom large in the case of state mandamus proceedings. *Clemes,* 843 F. Supp. at 596.

In *Clemes,* the defendant is a local municipal corporation—a school district—not much different from the Defendant municipal corporation in this Case. Thus, given the unique nature of the remedy, and the relationship between the state courts and municipal corporations therein, the state causes of action in this case rightfully belong in state court.

### B. *Williamson* and State Law Claims

Plaintiff filed its petition for administrative mandamus and related actions against Defendant's administrative action within the short statute of limitation, and in state court. In the interest of bringing all related actions in the case or controversy, Plaintiff had to include the rightful federal actions within the same case or controversy to avoid the argument that the shortest relevant statute of limitation lapsed and the cause of action accrued (given the lack of clear case law on this aspect). *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* ostensibly requires that Plaintiffs first complete the state court actions in state court, prior to reaching recovery under the U.S. Constitution, and 42 U.S.C. § 1983. 472 U.S. at 194-195. However, subsequent decisions like *Lucas v. South Carolina Coastal*

*Council,* 505 U.S. 1003, 1012-13 (1992) suggest this might be a prudential concern, and not necessarily Art. III ripeness. Thus, Plaintiffs filed this action in state Court with the intention of availing themselves of state court remedies first—while in diligence including the other relevant actions. However, given that *Williamson County Regional Planning Commission*'s precedent is sufficiently unclear at present without a clear answer as to whether it constitutes a requirement for Art. III ripeness, Plaintiff respectfully requests that this Court stay the federal causes of action, and remand the state causes of action. *See, e.g. Ganz v. City of Belvedere,* 739 F. Supp. 507. Otherwise, Plaintiff risks obtaining a positive verdict in this Court, and then having the action overturned on appeal for failing to obtain a final state decision in state court.

### III. REMAND OF STATE COURT ACTIONS, IS APPROPRIATE AS DISMISSAL WOULD GREATLY AND UNFAIRLY PREJUDICE PLAINTIFF.

Plaintiff is bringing this motion in its first paper before this Court, and as quickly as possible, as it is also important to highlight that this action was timely filed and served in Placer County Court under a relatively short, 90-day statute of limitation for Administrative Mandate. Cal. Code. of Civ. Proc. § 1094.5. Plaintiff requests remand (rather than dismissal) as the case is presently before this Court due to the removal by Defendant; should this Court dismiss the state actions rather than remand, Plaintiff would be greatly prejudiced as the short, 90-day statute of limitation for Administrative Mandate has since lapsed. The Supreme Court has explained:

> As many lower courts have noted, a remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case. In such a case, a dismissal will foreclose the plaintiff from litigating his claims. This consequence may work injustice to the plaintiff: although he has brought his suit in timely manner, he is time barred from pressing his case. Equally important, and more easily overlooked, the foreclosure of the state-law claims may conflict with the principle of comity to States. The preclusion of valid state-law claims initially brought in timely manner in state court undermines the State's interest in enforcing its law. The operation of state statutes of limitations

>thus provides a potent reason for giving federal district courts discretion to remand, as well as to dismiss, removed pendent claims.
>*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351-352 (1988).

The Supreme Court here identifies key points—a short statute of limitations, a remand after removal by the Defendant, and the interplay between the states and federal courts. Each of these elements is met: Plaintiff's statute of limitation was 90 days, Defendant removed the federal claims within the action, the dismissal would work injustice to the plaintiff, and it would implicate the principle of comity to the states in the unique nature of the administrative mandamus relationship with state agencies and Plaintiff's timely request for remand noting these points.

Thus, for all these reasons—the unique nature of administrative mandamus against a state agency, the advisability of a state court decision prior to reaching the merits of the federal claim, and the substantial prejudice to Plaintiff with dismissal, we respectfully request that the Court decline to exercise supplemental jurisdiction and remand the state law claims, while staying the federal claims pending an outcome of the state actions.

                                        Respectfully submitted,

DATED: July 21, 2010                THE LOFTIN FIRM, LLP

By: /s/ Alexander Maniscalco
Alexander Maniscalco, Esq.
Attorneys for Plaintiffs
Tel. (760) 431-2111
Fax. (760) 431-2003
Email: amaniscalco@loftinfirm.com